Filed 4/28/21  P. v. Wright CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C090942 |
| Plaintiff and Respondent, | (Super. Ct. No. STKCRFE20190004681) |
| v. | |
| DAREN LEWIS WRIGHT , | |
| Defendant and Appellant. | |

Appointed counsel for defendant Daren Lewis Wright filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After examining the record, we find no arguable error that would result in a disposition more favorable to defendant and affirm.

## I.  BACKGROUND

In September 2019, defendant was charged in an amended information with multiple counts of second degree burglary of various commercial establishments in San

1

Joaquin County (Pen. Code, § 459—counts 1 & 5-10),[1] as well as vandalism (§ 594, subd. (a)(2)—counts 2 & 4) and attempted burglary (§§ 664, 459—count 3).[2] For all counts, it was alleged defendant had a prior strike conviction (§§ 667, subd. (d), 1170.12, subd. (b)).

On September 23, 2019, defendant made a *Marsden* motion to relieve his appointed counsel. The trial court denied the motion.

The following day, on September 24, 2019, defendant pled no contest to count 10, second degree burglary of Popeye's, and admitted the strike prior. He requested immediate sentencing. The remaining counts and allegations were dismissed with a *Harvey*[3] waiver. The parties stipulated that the preliminary hearing transcript could serve as the factual basis for the plea. As relevant to count 10, the testimony at the preliminary hearing showed the following:

On November 23, 2018, Manteca Police Officer Stephen Smith responded to a call for a possible burglary at Popeye's restaurant. According to the report, a man wearing a red sweater was inside the business prying the safe. When he arrived, Smith encountered a man, later identified as defendant, near the east side of the Popeye's building.

---

[1] Further undesignated statutory references are to the Penal Code.

[2] Defendant was charged with the second degree burglary of Buggy Bath on January 21, 2019 (count 1), vandalism on that same date (count 2), attempted second degree burglary of Fremont Car Wash on January 23, 2019 (count 3), vandalism that same date (count 4), second degree burglary of Little Caesar's Pizza on September 11, 2018 (count 5), second degree burglary of Gian's Delicatessen on October 22, 2018 (count 6), second degree burglary of Tacos Chapala on October 29, 2018 (count 7), second degree burglary of Dollar Tree on November 2, 2018 (count 8), second degree burglary of Papa Murphy's on November 2, 2018 (count 9), and second degree burglary of Popeye's on November 23, 2018 (count 10).

[3] *People v. Harvey* (1979) 25 Cal.3d 754.

Defendant was wearing a blue shirt, dark jeans, and black shoes with a white stripe on the sole.

Officer Smith approached defendant, and he agreed to speak with the officer. Although it was raining and the restaurant was closed, defendant claimed he was looking around Popeye's for broken sprinklers to repair. Defendant, however, admitted that he had no connection to or association with the business. Smith subsequently detained defendant.

Defendant mentioned that he had a van parked around the corner. Officer Smith located a white van parked nearby; the van's hood was cold, indicating that it had been parked for a while. Through the van's clear glass windows, Smith observed a red sweater with white stripes and a greenish-yellow tool bag.

Smith reviewed the surveillance video from Popeye's and saw a white van pull up to the restaurant's front door a little before 5:00 a.m. Someone got out of the driver's seat and slid a tool between the double front doors. The person opened the door and stuck his head inside, then withdrew. He entered the van and drove off. About 30 minutes later, the person returned and entered the restaurant through the unlocked front doors. He walked behind the counter and pried off a small safe. He then tried to take a larger safe that was bolted to the floor, but was unsuccessful. The man returned with a dolly and a green Ryobi tool bag. He used some sort of electric tool to cut the bolts to the larger safe. After a few minutes, he was unable to remove the safe so he put the electric tool back in the green Ryobi tool bag and left.

Although the burglar returned with a pry bar, he was still unable to remove the larger safe. The man, who was wearing a red sweater with white stripes, a blue undershirt, jeans, and black shoes with a white stripe, climbed out the drive-thru window. The window was on the east side of the restaurant where Officer Smith contacted defendant.

Officer Christopher Stocks was also dispatched to Popeye's that morning. He searched the interior of the restaurant and found a pry bar beneath the safe that was near the cash register. In a planter east of the business, he found a mallet and another pry tool.

Officer Stocks gave defendant his *Miranda*[4] warnings, and defendant told him that he was a plumber who was in the shopping center looking for broken sprinklers that he could offer to repair. He refused permission to search the van, but Stocks nevertheless searched it. Stocks found a tool bag which contained a reciprocating saw. He also found a rotary hammer. The glove compartment contained insurance information with defendant's name.

Following his plea, the trial court sentenced defendant to the upper term of three years, doubled for the strike prior for the burglary conviction. The court imposed a $30 court facilities assessment (Gov. Code, § 70373), a $40 court operations assessment (§ 1465.8), a $300 restitution fine (§ 1202.4), and a $300 parole revocation restitution fine, which was stayed unless parole was revoked (§ 1202.45). He was awarded 243 days of actual credit plus 243 days of conduct credit for a total of 486 days of credit.

Defendant timely appealed.[5] The trial court granted his request for a certificate of probable cause.

## II. DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief setting forth the facts of the case and requesting that this court review the record to determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30

---

[4] *Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694].

[5] Defendant filed an initial notice of appeal on November 20, 2019, and subsequently filed an amended notice of appeal on November 25, 2019.

days of the date of filing of the opening brief.  More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

### III.  DISPOSITION

The judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

ROBIE, Acting P. J.

/S/

_____

MURRAY, J.